**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PEDRO AGUIAR-PEREZ,

Plaintiff

v.

JC PENNY,

Defendant[s]

Case No.: 3:26-cv-00358-ART-CSD

**Order**

Re: ECF Nos. 1, 1-1, 5

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1). Plaintiff has also filed a letter asking for his case file. (ECF No. 5.)

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the six months preceding the filing of his complaint was $26.32, and his average monthly deposits were $29.58.

Plaintiff's application to proceed IFP is granted. Plaintiff is required to pay an initial partial filing fee in the amount of $5.91 (20 percent of $29.58). Thereafter, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

/

## II. SCREENING

### A. Standard

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

In his complaint, filed pursuant to 42 U.S.C. § 1983,[1] Plaintiff names as defendants: (1) "JC Penny"; (2) "security guard" at JC Penny; (3) Gena Waters, JC Penny supervisor; and (4) D.A. Martinez. Plaintiff asserts that he was arrested for a fight that took place on December 23,

[1] Plaintiff also checks boxes on his complaint and civil cover sheet for several other causes of action, including class action, and invokes the court's diversity jurisdiction but not the court's federal question jurisdiction. (*See* ECF Nos. 1-1 at 1, 1-2 at 1.) However, the complaint does not plausibly state a claim under any of these provisions, including any state law claims based on diversity jurisdiction, as it is apparent from the face of the complaint and the civil cover sheet that the parties are not diverse.

2023. A jury eventually acquitted him after a trial in June 2025. Plaintiff asserts that his arrest was based on "false claims," and the charges were false.

Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted).

To obtain relief pursuant to section 1983, a plaintiff must establish a "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Claim 1 asserts that "all" of Plaintiff's constitutional rights were violated, and he checks nearly all the boxes where he is asked to identify the issue involved. However, in view of the defendants who are named and the limited facts that are alleged, the only claim the complaint could potentially attempt to state is a claim of false arrest and/or malicious prosecution.

The Fourth Amendment guarantees a citizen's right to be free from "unreasonable searches and seizures." U.S. Const. amend. IV. "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment provided the arrest was without probable cause or other justification." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (citation omitted); *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) ("The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause."). "Probable cause exists if the arresting officers had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the

arrestee] had committed or was committing a crime." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097-98 (9th Cir. 2013) (citation and quotation marks omitted).

"If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Wallace v. Kato*, 549 U.S. 384, 390 (citations omitted).

The Supreme Court has recognized a Fourth Amendment claim for malicious prosecution, the gravamen of which "is the wrongful initiation of charges without probable cause." *Thompson v. Clark*, 596 U.S. 36, 43 (2022). To prevail on this claim, "a plaintiff must show that a government official charged him without probable cause, leading to an unreasonable seizure of his person." *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 558 (2024). Plaintiff must also show "that he obtained a favorable termination of the underlying criminal prosecution." *Thompson*, 596 U.S. at 39 (2022).

Preliminarily, the complaint lacks sufficient facts to state a plausible claim of false arrest or malicious prosecution. Plaintiff alleges in conclusory fashion that the charges were false, but in the same breath alleges that the charges were based on "false claims," suggesting that perhaps what he means is the named defendants lied to law enforcement in order to have Plaintiff arrested. But Plaintiff provides no facts as to what those false claims were or who made the false claims. And – more importantly -- he does not allege that his arrest and eventual prosecution were without probable cause, which is a critical element to both claims of false arrest/imprisonment and of malicious prosecution.

In the same vein, the complaint does not identify what actions any of the named defendants took that violated his constitutional rights. To adequately plead the § 1983 elements,

a complaint must identify what constitutional right each defendant violated and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under § 1983); *see also Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019) (defendant must have "personally played a role in violating the Constitution.").

Further, three of the four named defendants are private parties, and private parties do not generally act under color of state law for purposes of § 1983. *See O'Handley v. Weber*, 62 F.4th 1145, 1155-56 (9th Cir. 2023) (stating that only in "exceptional cases" will a private entity be treated as a state actor for constitutional purposes), *cert. denied*, 144 S. Ct. 2715 (2024).

To be considered a state actor, a private party must meet either: "(1) the public function test, (2) the state compulsion test, (3) the nexus test [or] (4) the joint action test." *Id.* at 1157. "These tests are interrelated, and they are designed to answer the same key question: whether the conduct of a private actor is fairly attributable to the State." *Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1109 (9th Cir. 2022). A party may be treated as a state actor where "there is 'pervasive entwinement of public institutions and public officials in [the private actor's] composition and workings,'" or where "government officials have 'exercised coercive power or [have] provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.'" *O'Handley*, 62 F.4th at 1157.

"Merely complaining to the police or swearing out an affidavit that forms the basis of an arrest cannot alone constitute joint action." *Samuelson v. Jewell Sch. Dist. 8*, 725 F. Supp. 3d 1195, 1213 (D. Or. 2024) (citing *O'Handley*, 62 F.4th at 1160). "'[C]onsultation and information sharing during [an] investigation' alone also does not suffice to support joint action." *Id.* (quoting *O'Handley*, 62 F.4th at 1160).

The complaint does not allege any facts that would support a finding that JC Penny, its security guard or its supervisor ("JCPenney defendants") should be considered state actors. Any claim under § 1983 against them must therefore be dismissed. The dismissal will be without prejudice, with leave to amend.

To the extent Plaintiff believes he has a claim against the JCPenney defendants under state law, they may be pursued in this court only if there is diversity jurisdiction, 28 U.S.C. § 1332, or supplemental jurisdiction, 28 U.S.C. § 1367. As noted in footnote 1, *supra*, the parties are not diverse, and the court therefore cannot have diversity jurisdiction. *See* 28 U.S.C. § 1332(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Supplemental jurisdiction can exist only in a "civil action of which the district courts have original jurisdiction." As discussed in this order, Plaintiff has not stated any claim over which this court has original jurisdiction. At this stage, there cannot be supplemental jurisdiction over any state law claims Plaintiff may be alleging against the JCPenney defendants.

As to D.A. Martinez, prosecutors are entitled to absolute immunity for actions taken during Plaintiff's criminal proceedings. In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court held that prosecutors may claim absolute immunity from damages liability for actions "intimately associated with the judicial phase of the criminal process," such as the initiation of the prosecution and presentation of the state's case. 424 U.S. at 430. Such immunity "protects the prosecutor from harassing litigation that would divert his time and attention from his official duties" and "enables him to exercise independent judgment when 'deciding which suits to bring and in conducting them in court.'" *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997) (quoting Imbler, 424 U.S. at 424); *see also Lacey . Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) (en banc).

"[T]he actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The inquiry focuses on "the nature of the function performed, not the identity of the actor who performed it." *Kalina*, 522 U.S. at 125 (citation and quotation marks omitted). The prosecutor has absolute immunity "when performing the traditional functions of an advocate." *Id.* at 131. He is not entitled to such immunity when performing the role of "administrator or investigative officer rather than that of advocate." *Id.* at 125 (citation and quotation marks omitted).

Because Plaintiff does not explain how D.A. Martinez violated his rights, it is impossible to tell whether he has or can state a plausible claim against Martinez that would *not* be protected by absolute prosecutorial immunity. Accordingly, the complaint fails to state a colorable claim against Martinez, who will be dismissed from this action. The dismissal will be without prejudice, with leave to amend.

Finally, in the "Request for Relief," Plaintiff seeks recovery related to several things that he alleges occurred because he was in custody on the false charges: being charged with battery on a prisoner, an attack that led to stitches, and an illegal surgery that was done in the county jail that caused him to have seizures. (ECF No. 1-1 at 1-4.) The court does not read the complaint to allege any independent claim for the battery charges, attack, or surgery, but instead – given the defendants identified and the placement of these allegations -- understands Plaintiff to be alleging that but for his false imprisonment, these things would not have happened.

"In order for a private individual to be liable for a § 1983 violation when a state actor commits the challenged conduct, the plaintiff must establish that the private individual was the proximate cause of the violations." *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002), *overruled in part on other grounds, Pearson v. Callahan*, 555 U.S. 223 (2009) (citing *King v. Massarweh*,

782 F.2d 825, 829 (9th Cir. 1986)). "[A]bsent some showing that a private party had some control over state officials' decision [to commit the challenged act], the private party did not proximately cause the injuries stemming from [the act]." *Id.* at 446.

To the extent Plaintiff's claim is that D.A. Martinez and the JCPenney defendants are liable to him for events that took place only because he was falsely imprisoned, he fails to state a plausible claim that any of the defendants were the *proximate cause* of those events. Accordingly, the complaint also fails to state a claim on these grounds.

## III. MOTION FOR COPIES

Plaintiff filed a letter addressed to his former state court counsel asking for a copy of his case file. The court does not understand this to be a motion for the court, which does not have Plaintiff's state court case file. Accordingly, the motion for copies (ECF No. 5), to the extent it sought any action from this court, is **DENIED**.

## IV. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**; however, within **30 DAYS** Plaintiff must pay, through NDOC, an initial partial filing fee in the amount of $5.91. Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk must **SEND** a copy of this Order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

(2) The Clerk will **FILE** the complaint (ECF No. 1-1).

(3) The Complaint is **DISMISSED WITH LEAVE TO AMEND**.

(4) The Clerk shall **SEND** Plaintiff the instructions for filing a civil rights complaint by an incarcerated individual and form civil rights complaint by an inmate.

(5) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall check the box for the first amended complaint on the court's form civil rights complaint and include this case number in the caption. If Plaintiff fails to file an amended complaint within 30 days, the action may be dismissed.

(6) The motion for copies (ECF No. 5) is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 24, 2026

Craig S. Denney
United States Magistrate Judge