**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PEDRO AGUIAR-PEREZ,

Plaintiff

v.

JC PENNY, *et al.*,

Defendants

Case No.: 3:26-cv-00358-ART-CSD

**Order**

Re: ECF No. 8

Before the court is Plaintiff's first amended complaint, filed pro se and pursuant to 42 U.S.C. § 1983, which the court now screens.

**I. BACKGROUND**

On August 24, 2026, the court dismissed Plaintiff's original complaint with leave to amend.

The complaint identified four defendants: (1) "JC Penny"; (2) "security guard" at JC Penny; (3) Gena Waters, JC Penny supervisor; and (4) D.A. Martinez. The court dismissed all claims against "JC Penny," its security guard and its supervisor ("JCPenney defendants") because § 1983 applies only to those acting under color of state law, and nothing in the complaint supported a plausible claim that the JCPenney defendants should be deemed state actors for the purposes of this action. The court dismissed D.A. Martinez on the grounds that nothing in the complaint stated a claim against Martinez because it did not allege how Martinez violated his rights or how those violations were not covered by absolute prosecutorial immunity. The court also identified several other deficiencies in the complaint, including that Plaintiff did not identify how each named defendant violated his rights, did not state a colorable false arrest or

malicious prosecution claim because he did not allege that he was arrested and charged without probable cause, and did not allege facts sufficient to show that the defendants were the proximate cause for some of his claimed damages. The court granted Plaintiff leave to amend, which he has done.

The court screens the first amended complaint as follows.

## II. SCREENING

### A. Standard

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule

12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

In his first amended complaint, Plaintiff names the JCPenney defendants again, but omits D.A. Martinez. He also makes factual allegations that could state a claim against a Jane Doe

RPD officer but has not identified the officer as a defendant. Plaintiff purports to assert claims under the Eleventh, Eighth, and Fourth Amendments. (ECF No. 8 at 2-5.)

Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted).

To obtain relief pursuant to section 1983, a plaintiff must establish a "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

In Claim 1, Plaintiff claims a violation of the Eleventh Amendment. He asserts that he was confronted by a security guard at JC Penney on his way to pay for his items; while the guard was "attacking" him, Plaintiff threw the items and walked away. Plaintiff alleges the guard was "trying to cause pain by doing more excessive force by officer." (ECF No. 8 at 3.)

First, "[t]he Eleventh Amendment is not a source of individual rights." *See Wellman v. Centers for Disease Control & Prevention*, No. 220CV00813MHTSRW, 2022 WL 880024, at *7 (M.D. Ala. Feb. 22, 2022), *report and recommendation adopted*, No. 2:20CV813-MHT, 2022 WL 878871 (M.D. Ala. Mar. 23, 2022); *see also Frost v. New Hampshire*, No. 18-CV-1094-PB, 2019 WL 2110186, at *1 (D.N.H. Apr. 5, 2019), *report and recommendation approved sub nom. Frost v. NH*, No. 18-CV-1094-PB, 2019 WL 2105976 (D.N.H. May 14, 2019) ("The Eleventh Amendment, however, is not a source of privately enforceable rights."). To the extent Plaintiff asserts a claim under the Eleventh Amendment, that claim must be dismissed.

Second, Plaintiff was previously advised that the security guard at JCPenney is a private actor, so the complaint would need to allege sufficient facts to state a plausible claim that he should be treated as a state actor to maintain a § 1983 claim against him. The amended complaint contains no factual allegations to do so. Accordingly, the § 1983 claim against the John Doe security guard must be dismissed.

In Claim 2, Plaintiff alleges a violation of his Eighth Amendment rights. Plaintiff asserts that upon his arrest in March 2024, he was in "substantial pain . . . after a[n] accident" but was not transported to a hospital immediately and instead an RPD officer took him to the police station, where she asked him to identify himself in a picture on a cell phone, before taking him to the hospital, where he had a CAT scan. Plaintiff also alleges that he was not read his rights before being asked to identify himself.

This claim has nothing to do with any of the named defendants. It could, however, state a claim against the Jane Doe RPD Officer who transported him to the station before taking him to the hospital.

The Fourth Amendment's objective reasonableness standard "applies to allegations of . . . the conditions of confinement while detained in custody post-arrest but pre-arraignment," not the Eighth Amendment. *See Givens v. City & Cnty. of San Francisco*, No. C 06-2505 MHP PR, 2011 WL 1225584, at *2 (N.D. Cal. Apr. 1, 2011) (citing *Pierce v. Multnomah Cnty., Or.*, 76 F.3d 1032, 1043 (9th Cir. 1996)); *see also Fontana v. Haskin*, 262 F.3d 871, 878 (9th Cir. 2001) ("[T]he Fourth Amendment protects a criminal defendant after arrest on the trip to the police station."); *Pierce*, 76 F.3d at 1043 ("We hold, therefore, that the Fourth Amendment sets the applicable constitutional limitations on the treatment of an arrestee detained without a warrant up until the time such arrestee is released or found to be legally in custody based upon probable

cause for arrest.”); *Rosales v. Cnty. of San Diego*, 511 F. Supp. 3d 1070, 1091 (S.D. Cal. 2021) (“Officers must provide objectively reasonable post-arrest care to an apprehended suspect.”). “‘A court (judge or jury) cannot apply this standard mechanically.’” *Lombardo v. City of St. Louis, Missouri*, 594 U.S. 464, 466–67 (2021). Whether officers’ actions were objectively reasonable depends on “the facts and circumstances confronting them . . . from the perspective of a reasonable officer on the scene, without regard to the arresting officer’s subjective motivation.” *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006) (internal punctuation omitted).

If Plaintiff intends to assert a claim against the RPD officer, he should amend the complaint to name her. In addition, at this stage, the complaint lacks sufficient facts to state a plausible claim that Jane Doe RPD Officer violated Plaintiff’s Fourth Amendment rights, as it does not identify what accident Plaintiff had been in when he was arrested nor what his injuries were. He may be able to state a claim, with amendment, however, and the court will grant him leave to do so.

However, a violation of *Miranda* generally cannot be enforced under § 1983. *See Vega v. Tekoh*, 597 U.S. 134, 150 (2022) (“[A] violation of *Miranda* does not necessarily constitute a violation of the Constitution, and therefore such a violation does not constitute ‘the deprivation of [a] right ... secured by the Constitution.’). The complaint therefore does not state any colorable claim against Jane Doe RPD officer on the grounds that she failed to read Plaintiff his *Miranda* rights.

In Claim 3, Plaintiff asserts a violation of the Fourth Amendment.[1] Plaintiff alleges that he was imprisoned and later acquitted on false charges and that the video of the incident shows he did nothing wrong. He asserts that the JCPenney defendants lied on the stand.

Liberally construing the complaint, Plaintiff could be alleging a claim for false arrest or malicious prosecution, but he identifies no defendant responsible for either. Plaintiff was previously advised that the JCPenney defendants cannot be held responsible under § 1983 for either claim, absent facts showing they should be treated as state actors. The complaint continues to fail to allege any facts to support a plausible claim that the JCPenney defendants should be treated as state actors, and thus any false arrest and/or malicious prosecution claim against them must be dismissed.

Further, the complaint fails to allege that Plaintiff was arrested and/or prosecuted without probable cause.[2] The assertion that the charges were false and that the video of the incident

---

[1] Plaintiff also checks the box for "disciplinary proceedings," but nothing in the complaint explains how disciplinary proceedings are implicated in his claims.

[2] The Fourth Amendment guarantees a citizen's right to be free from "unreasonable searches and seizures." U.S. Const. amend. IV. "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment provided the arrest was without probable cause or other justification." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (citation omitted); *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) ("The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause."). "Probable cause exists if the arresting officers had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097-98 (9th Cir. 2013) (citation and quotation marks omitted).

"If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Wallace v. Kato*, 549 U.S. 384, 390 (citations omitted).

The Supreme Court has recognized a Fourth Amendment claim for malicious prosecution, the gravamen of which "is the wrongful initiation of charges without probable cause." *Thompson v. Clark*, 596 U.S. 36, 43 (2022). To prevail on this claim, "a plaintiff must show that a government

showed he was doing nothing wrong are not sufficient to support an inference that arresting officers lacked probable cause, particularly where the complaint also appears to allege that Plaintiff was arrested and prosecuted based on the false claims of the JCPenney defendants. The complaint therefore continues to fail to state a colorable false arrest and/or malicious prosecution claim, even if it did identify any defendant against whom such a claim could be maintained.

Further, to the extent Claim 3 asserts the JCPenney defendants are liable for their false statements at his trial, such a claim cannot be maintained in this action. *See Franklin v. Terr*, 201 F.3d 1098, 1099 (9th Cir. 2000) ("A witness has absolute immunity from liability for civil damages under § 1983 for giving perjured testimony at trial.") (citing *Briscoe v. LaHue*, 460 U.S. 325, 326, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Holt v. Castaneda*, 832 F.2d 123, 124–25 (9th Cir. 1987) ("'[T]he common law provided absolute immunity from subsequent damages liability for all persons—governmental or otherwise—who were integral parts of the judicial process.'").

The court will grant Plaintiff one final opportunity to amend his complaint to attempt to state a claim. At this stage, he can maintain a § 1983 suit against the JCPenney defendants only if he has some facts to support holding them liable as state actors, which to date he has failed to allege. He may be able to state a claim against Jane Doe RPD Officer for failing to provide him with medical care following his arrest, but he will need to name such person as a defendant and allege sufficient facts to state a plausible claim. Finally, he may be able to state a claim of false arrest and/or malicious prosecution, but he needs to identify the proper defendant(s) to such claims and must allege that his arrest and/or prosecution were unsupported by probable cause.

---

official charged him without probable cause, leading to an unreasonable seizure of his person." *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 558 (2024). Plaintiff must also show "that he obtained a favorable termination of the underlying criminal prosecution." *Thompson*, 596 U.S. at 39 (2022).

## III. CONCLUSION

(1) Plaintiff's First Amended Complaint (ECF No. 8) is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

(2) The Clerk shall **SEND** Plaintiff the instructions for filing a civil rights complaint by an incarcerated individual and form civil rights complaint by an inmate.

(3) Plaintiff has **30 DAYS** from the date of this Order to file a second amended complaint correcting the deficiencies noted above. The second amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall check the box for the second amended complaint on the court's form civil rights complaint and include this case number in the caption. If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

**IT IS SO ORDERED**.

Dated: October 13, 2026

Craig S. Denney
United States Magistrate Judge